IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLLE

AUGUST SESSION, 1999

FILED

September 9, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

JERMAINE LEJUANE HUNTER,    *

       *    No. 01C01-9809-CR-00397

     Appellant,    *

       *    DAVIDSON COUNTY

vs.        *

       *    Hon. J. Randall Wyatt, Jr., Judge

STATE OF TENNESSEE,   *

       *    (Post-Conviction)

     Appellee.    *

For the Appellant:

Jefre S. Goldtrap
Attorney
207 Third Avenue, North
Post Office Box 190599
Nashville, TN 37219-0599

For the Appellee:

Paul G. Summers
Attorney General and Reporter

Elizabeth T. Ryan
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

Victor S. (Torry) Johnson III
District Attorney General

Katy N. Miller and Nick Bailey
Asst. District Attomeys General
Washington Square, Suite 500
222 Second Avenue South
Nashville, TN 37201

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

## OPINION

The appellant, Jermaine LeJuane Hunter, appeals the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. On January 11, 1995, the appellant was found guilty by a jury of first degree murder and received a life sentence in the Tennessee Department of Correction.[1] His conviction and sentence were affirmed by this court on direct appeal. See State v. Jermaine Hunter, No. 01C01-9506-CR-00176 (Tenn. Crim. App. at Nashville, Aug. 22, 1996), perm. to appeal denied, (Tenn. Feb. 3, 1997). The appellant collaterally attacks his conviction for first degree murder upon grounds of ineffective assistance of counsel. Specifically, he contends that trial counsel was deficient for (1) failing to adequately prepare for trial and meet with the appellant; (2) failing to fully communicate with the appellant his vulnerability regarding sentencing; and (3) failing to investigate and utilize all possible alibi witnesses.

After review of the record, we affirm the lower court's denial of post-conviction relief.

## Analysis

On December 29, 1997, the appellant filed a *pro se* petition for post-conviction relief alleging that he had received the ineffective assistance of counsel and that the State had withheld exculpatory evidence. The post-conviction court appointed counsel on February 18, 1998. No amended petition was filed. An evidentiary hearing was subsequently held on May 20, 1998. On July 24, 1998, the

---

[1]The facts underlying this conviction reveal that, on November 8, 1993, the appellant murdered his ex-girlfriend approximately two weeks after the termination of their relationship. The twenty-year old victim suffered multiple gunshot wounds to her forehead, torso, leg and hands. An eyewitness, who had known the appellant for fifteen years, identified the appellant as the shooter. See State v. Jermaine Hunter, No. 01C01-9506-CR-00176 (Tenn. Crim. App. at Nashville, Aug. 22, 1996), perm. to appeal denied, (Tenn. Feb. 3, 1997).

post-conviction court entered an order addressing the appellant's claims and denying the appellant relief.

In dismissing the petition, the post-conviction court found, in parts pertinent to this appeal:

> The petitioner contends that [counsel] did not have adequate time to prepare for trial and that he did not conduct a competent pre-trial investigation. [Counsel] testified that he was appointed to represent the petitioner approximately six (6) weeks before trial. [Counsel] indicated that such time ordinarily would have not been sufficient to prepare for a case of this nature. However, he asserted that the petitioner's prior attorneys . . . had already thoroughly prepared the case at the time he was appointed and that he largely just needed to review the investigative file and the audio tape of the preliminary hearing to prepare himself for trial. [footnote omitted]. [Counsel] also testified that he met with the petitioner and the petitioner's family on occasions prior to trial to discuss the case. [Counsel] indicated that he was ready to proceed on the day of trial and, accordingly, did not seek a continuance. [footnote omitted]. . . .
>
> . . .
>
> [Counsel] testified that he discussed potential defense strategies with the petitioner prior to trial and ultimately, with the approval of the petitioner, pursued an alibi defense. . . . The Court finds no reason to second-guess the tactical and strategic decisions of counsel. The fact that the jury apparently did not accredit the alibi defense is not reflective on counsel's efforts.
>
> The petitioner also contends that [counsel] failed to call certain witnesses who could have supported his alibi defense. However, the Court points out that the defense of alibi had already been introduced through several family members whom the jury apparently did not find to be credible. Any additional testimony reiterating the petitioner's claim would have been cumulative. Moreover, as [counsel] acknowledged, the state's evidence was simply too strong for any claimed alibi defense. In any event, the petitioner failed to . . . present any such witnesses at the evidentiary hearing.
>
> In sum, the Court is satisfied that [counsel] handled the petitioner's case in a professional manner. The Court is of the opinion that [counsel] competently represented the petitioner at all stages of the case. ["Despite claims to the contrary, the Court finds that the petitioner was well aware of the sentence he would face if convicted of first degree murder."] The petitioner could not articulate with any specificity any credible claims of deficient and prejudicial errors by counsel, and, accordingly, has failed to carry his evidentiary burden.

To succeed in a post-conviction claim of ineffective assistance of counsel, the appellant must show, by clear and convincing evidence, Tenn. Code Ann. § 40-30-

3

210(f) (1997), that the services rendered by trial counsel were deficient and that, but for the deficient performance, the results of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). For purposes of proving ineffective assistance of counsel, proof of deficient representation by omission requires more than a speculative showing of lost potential benefit. The post-conviction court found that counsel was not deficient and that counsel's action did not prejudice the appellant. When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. See Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). After reviewing the record, we conclude that the evidence does not preponderate against the detailed findings entered by the post-conviction court.

As a result, we find no error of law requiring reversal. The judgment of the trial court dismissing the appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
L. T. LAFFERTY, Senior Judge

4